EUGENE L. BERUBE *v.* PERSONNEL APPEALS BOARD
OF THE CITY OF STAMFORD
(2659)

HULL, SPALLONE and DALY, Js.

Argued May 15—decision released August 27, 1985

*Thomas E. Minogue, Jr.,* with whom, on the brief, was *Peter L. Masanotti,* for the appellant (plaintiff).

*Alice L. Perry,* assistant corporation counsel, with whom, on the brief, was *Jay H. Sandak,* corporation counsel, for the appellee (defendant).

DALY, J. The plaintiff appeals from the decision of the defendant Stamford personnel appeals board (PAB) sustaining the action of the Stamford superintendent of parks (superintendent) in discharging him from the position of supervisor of maintenance operations in the parks department.

The factual situation does not appear to be in dispute: On or about October 13, 1977, the superintendent notified the plaintiff that he would be dismissed from his position subject to a hearing before the Stamford personnel commission (commission). The commission scheduled a hearing for October 20, 1977, which was adjourned until November 9, 1977, at which time it was concluded. On November 8, 1977, the revised charter of the city of Stamford was approved by a public referendum and became effective. The commission was replaced by the PAB under the revised charter.

On November 15, 1977, the commission rendered its decision sustaining the plaintiff's dismissal for incompetency. An appeal was taken and the trial court, *Reynolds, J.,* ruled that the authority of the commission had terminated on November 8, 1977, due to the charter revision. The plaintiff was ordered to be retained in his position at full pay until the PAB rendered its decision. The plaintiff was ordered to file his appeal before the PAB within two weeks after it was legally constituted. The PAB was legally constituted on January 16, 1978, and the plaintiff filed his appeal on January 23, 1978. The hearing before the PAB was commenced on April 24, 1978, and the decision to affirm the dismissal was rendered on July 17, 1978.

The plaintiff appealed to the Superior Court, claiming, in part, that the PAB convened its hearing more than thirty days after the plaintiff had filed his appeal in violation of § 740.1 of the charter of the city of Stam-

ford.[1] The state trial referee, *Hon. William L. Tierney, Jr.,* noted that the plaintiff had raised the time factor at the April 24 hearing and, when his objection was denied, proceeded to a full hearing after which the plaintiff's discharge for incompetency was upheld. The defendant's defenses of waiver and estoppel were adopted by the referee in sustaining the action of the PAB.

The sole issue that we must address on appeal is whether the failure to conduct a hearing within thirty days in accordance with § 740.1 of the charter vitiates the action of the PAB and nullifies the discharge of the plaintiff.

The plaintiff relies heavily on *Jones* v. *Civil Service Commission,* 175 Conn. 504, 400 A.2d 721 (1978). In *Jones,* the court construed similar language and held that the word "shall," in reference to the thirty day time period in which the civil service commission was to hold a hearing on an appeal taken to it, was mandatory and that the doctrine of substantial compliance was not to be considered. There, the employee was discharged from employment and deprived of his salary during the five month appeal period. The New Britain civil service commission was a fully operational administrative body which acknowledged that it was required to commence the hearing within thirty days, as set forth in the applicable regulation, since it requested an extension of time from the discharged employee.

*Jones* v. *Civil Service Commission,* supra, can be distinguished from the present case. The Stamford PAB, in contrast, was a newly created board which was not operational until it was funded on April 3, 1978. See

---

[1] Section 740.1 of the charter of the city of Stamford provides, in pertinent part: "Within a reasonable time, which shall not exceed thirty days of receipt of notification [of the employee's appeal], the board shall hold a hearing at which the employee may be represented by counsel."

1 Am. Jur. 2d, Administrative Law § 25. The hearing was conducted within thirty days of its funding. Furthermore, the plaintiff was being paid his full salary during the appeal process and was not prejudiced in any way by the delay. Although we do not believe that there was any waiver by the plaintiff in proceeding with the hearing, on the facts of this case, the appeal can be dismissed on the merits.

There is no error.

In this opinion the other judges concurred.